JOANOS, Judge.
This is an appeal from final orders of the University of Florida approving the hearing officer’s recommended orders in consolidated cases. In the first petition, appellant challenged his non-reappointment at the close of the contract year as chairman of the Department of Dental Biomaterials at thé University of Florida. In the second petition, appellant sought a determination of his entitlement to salary adjustments and supplemental funds for the years 1975-76 and 1980-81. The hearing officer recommended denial of appellant’s petition for reinstatement as department chairman and dismissal of both petitions. Dismissal of the second petition was based on appellant having previously elected to proceed through university grievance procedures.
Appellant, who continues as a tenured professor in the College of Dentistry, questions, among other things, the authority of the Dean of the College of Dentistry, with the knowledge and consent of certain vice-presidents, to decide not to reappoint him as chairman of the department at the close of a contract year; whether appellant had tenure as department chairman; and whether proper procedures were followed in deciding not to reappoint appellant. The hearing officer determined that under a reasonable interpretation of pertinent Board of Regents and University of Florida rules, the Dean of the College of Dentistry was within his authority in deciding, with the concurrence of the appropriate university vice-presidents, not to reappoint appellant as chairman at the close of the contract year. The University of Florida affirmed this determination and we agree. See Pan Am World Airways v. Florida Public Service Commission, 427 So.2d 716, 720 (Fla.1983). We also agree with the conclusions that one does not acquire tenure in the administrative position of department chairman, thus the procedural rules applicable to eligibility for tenure and the procedural rules for nonrenewal of tenured appointments do not apply in this case, and that the position of chairman is an administrative rather than a faculty position under the rules, thus the procedural rules for nonrenewal of nontenured faculty appointments do not apply. Finally, we conclude that the procedure employed in not reappointing appellant chairman did not violate due process, because appellant did not demonstrate an objective expectation, based on university policies or rules, that he would continue in the position of department chairman beyond the contract year. See generally Peacock v. Board of Regents, 510 F.2d 1324 (9th Cir.1975). We do not find it necessary to specifically address the additional issues raised. The petitions were properly dismissed.
AFFIRMED.
LARRY G. SMITH and WENTWORTH, JJ., concur.